UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD JOHNSON,

Plaintiff,

v.                                                          CAUSE NO. 3:25-CV-757-HAB-ALT

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

James Edward Johnson, a prisoner without a lawyer, filed a complaint against three defendants alleging they failed to protect him from being assaulted by an inmate. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that beginning in July 2024, he informed Warden Ron Neal, Unit Team Manager ("UTM") Joseph Snyder, and Officer L. Sutherland that another inmate had been threatening to harm or kill him. ECF 1 at 2, 5. Johnson asked Warden Neal and UTM Snyder to move him from C-Block where he and the inmate were located, but Warden Neal ignored his request and UTM Snyder told him he did not need to be

moved because the inmate was on keylock for assaulting another inmate in March 2024. *Id*. at 2. UTM Snyder also told Johnson he could not move the inmate because he had assaulted other inmates in other protective custody units. *Id*.

On August 20, 2024, at about 2:28 p.m., Johnson was standing at the front of his cell waiting for the cell door to open because C-block's recreation was ending. *Id*. at 3. While he was standing there the inmate motioned for him to come to the front of the inmate's cell. *Id*. However, Johnson refused to go to the front of the inmate's cell because he was afraid of being harmed. *Id*.

When the cell doors for C-Block opened for the inmates to enter their cells, Johnson observed the inmate's cell door was also opening even though the inmate was on keylock for assaulting another inmate. *Id*. Johnson saw the inmate exit his cell and proceed towards him in such a way that Johnson could not get away from the inmate. *Id*. The inmate hit Johnson and split his eye open. *Id*. Johnson yelled for help and ran down the stairs in C-Block to get help from Officer Sutherland. *Id*. at 4. However, Officer Sutherland did not come out of the control cage to help him and instead started yelling for all inmates to lockdown, including Johnson, who had to go back upstairs to his cell in C-Block. *Id*. The inmate who assaulted Johnson was left unsecured on the upper range of C-Block. *Id*.

Johnson headed up the stairs to return to his cell. *Id*. When he reached the top range of C-Block, the inmate approached him and assaulted him again. *Id*. Johnson was able to get away by going back downstairs to the lower range. *Id*. Officers then arrived

on C-Block and escorted Johnson to the infirmary where he received treatment for his injuries. *Id*. at 5.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Id*. (internal quotation marks, brackets, and citations omitted). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by

3

violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

Here, Johnson has not stated claims against any of the defendants. With respect to UTM Snyder, Johnson asserts UTM Snyder was deliberately indifferent to his safety and security because he knew there was a substantial risk that he would be harmed and failed to protect him by moving him to another unit. ECF 1 at 5-6. Even if UTM Snyder knew the inmate posed a substantial risk of harm to Johnson[1], it cannot be plausibly inferred that UTM Snyder knew the door to the inmate's cell would be erroneously opened when the other cell doors opened on August 20, 2024. At most, Johnson's complaint describes negligence, and negligence generally states no claim upon which relief can be granted in a § 1983 action. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence does not constitute deliberate indifference); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). He may not proceed against UTM Snyder.

With respect to Officer Sutherland, Johnson asserts he failed to protect him after the assault was underway. ECF 1 at 3-4. Once an offender is under attack, an officer cannot just stand by and do nothing. *See Schillinger v. Kiley*, 954 F.3d 990, 994-95 (7th Cir. 2020); *see also Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual

---

[1] Johnson does not provide any details regarding the nature of the threat.

violence between inmates"). On the other hand, "correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety[.]" *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted). Here, Johnson says Officer Sutherland did not make a reasonable effort to protect him, but he acknowledges that Officer Sutherland was not present when the inmate first assaulted him on the upper range of C-Block. Officer Sutherland also ordered the inmates to lockdown and additional staff arrived to help. Thus, the complaint does not include facts from which it can be plausibly inferred that Officer Sutherland was deliberately indifferent to Johnson's safety.[2]

Furthermore, with respect to Warden Neal, Johnson alleges he notified Warden Neal that his safety was being jeopardized by the inmate, but Warden Neal ignored his request to be moved from C-Block. ECF 1 at 6. While Johnson states he sent a request to Warden Neal, he does not explain what information he shared with Warden Neal. Notifying Warden Neal that his safety was being jeopardized without proving specific facts to support that conclusion is insufficient to state a claim that Warden Neal was deliberately indifferent to Johnson's safety. Because Johnson has not plausibly alleged that Warden Neal knew about the impending assault on August 20, 2024, and failed to take action to protect him from the assault, he may not proceed against Warden Neal.

---

[2] Johnson also speculates that Officer Sutherland intentionally released the inmate in order to assault him. ECF 1 at 6. Johnson has not included facts that permit a plausible inference that Officer Sutherland deliberately released the inmate for the purpose of harming Johnson. Therefore, he has not stated a claim.

This complaint does not state a claim for which relief can be granted. If Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS James Edward Johnson until **May 20, 2026**, to file an amended complaint; and

(2) CAUTIONS James Edward Johnson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 24, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT